UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CAPERS, | ) |
|         Petitioner, | ) |
| vs. | ) No. 4:07-CV-373 (CEJ) |
| LARRY ROWLEY, | ) |
|         Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Mary Ann L. Medler, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On August 29, 2007, Judge Medler issued a Report and Recommendation, recommending that the petition of William Capers for writ of habeas corpus under 28 U.S.C. § 2254 be denied. Petitioner has filed objections to the Magistrate Judge's Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which objection is made.

On March 21, 2000, a jury in the Circuit Court of St. Louis County convicted petitioner of possession of more than five grams of marijuana with intent to deliver. The court found petitioner to be a prior drug offender and, on May 25, 2000, sentenced petitioner to seventeen years imprisonment. On June 5, 2001, the Missouri Court of Appeals affirmed petitioner's conviction and sentence on direct appeal. State v. Capers, 46 S.W.3d 657 (Mo. Ct. App. 2001).

The mandate was issued on June 29, 2001.  While his direct appeal was pending, petitioner sought post-conviction relief pursuant to Rule 29.15, Mo.S.Ct.R.  An amended motion was filed at the court's direction on September 27, 2001.  On March 26, 2002, the motion court denied relief without an evidentiary hearing.  On November 4, 2002, petitioner filed an appeal of the denial of post-conviction relief.  The Missouri Court of Appeals affirmed the denial on March 11, 2003, Capers v. State, 100 S.W.3d 113 (Mo. Ct. App. 2003), and the mandate issued on April 17, 2003.

On February 23, 2007, petitioner filed the instant petition pursuant to 28 U.S.C. § 2254, asserting three claims for relief.  After review, Judge Medler recommended denying relief because the petition was untimely under 28 U.S.C. 2244(d)(1).[1]  Petitioner has filed an objection to Judge Medler's Report and Recommendation, in which he readdresses the merits of his claims.  Petitioner has not objected to Judge Medler's determination that the action is time-barred.

A person in custody under a state court judgment has one year from the date upon which the judgment became final to apply for a writ of habeas corpus from a federal court.  28 U.S.C. § 2244(d)(1).  The judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review."  §

---

[1]Judge Medler also addressed respondent's contention that petitioner's third ground for relief was procedurally defaulted because he failed to raise the claim on direct appeal.  Because the Court finds that the petition is time-barred, this additional argument will not be addressed.

2244(d)(1)(A). The one-year statutory period is tolled during the time a properly filed application for State post-conviction relief is pending. § 2244(d)(2).

The Missouri Court of Appeals issued its mandate on June 29, 2001. Thus, petitioner's judgment became final, and the one-year statutory period began running, on September 27, 2001, when the period for seeking *certiorari* from the United States Supreme Court expired. See Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999). Petitioner's motion for post-conviction relief was already on file at that time. Thus, the statutory period was immediately tolled and did not resume running until April 17, 2003. See Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction proceedings in Missouri are "pending" until appellate court issues mandate). In order to be timely under 2244(d)(1), then, the habeas corpus petition was due no later than April 17, 2004.[2] The petition was not filed until February 23, 2007. The Court further agrees with Judge Medler that petitioner presents no basis for equitable tolling of the statutory limitations period.

Accordingly,

---

[2]Petitioner filed habeas corpus petitions pursuant to Rule 91, Mo.S.Ct.R., (1) on September 10, 2004, in the Circuit Court of Washington County; (2) on September 9, 2005, and September 30, 2005, with the Missouri Court of Appeals; and (3) on December 28, 2005, with the Missouri Supreme Court. The Court need not decide whether these state habeas proceedings tolled the statute of limitations because they were all filed after the statutory period expired. See Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (declining to decide whether a pending Rule 91 motion qualifies as "other collateral review" because it was filed after expiration of § 2244(d)(1) statutory period).

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Mary Ann L. Medler [Doc. #12] is **sustained, adopted, and incorporated** herein.

**IT IS FURTHER ORDERED** that the petition of William Capers for writ of habeas corpus [Doc. #1] is **denied**.

**IT IS FURTHER ORDERED** that petitioner's motion to amend or correct misspelled words in his objections [Doc. #14] is **granted**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of September, 2007.